**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD M. NEACE, | ) | Case No. 4:23-cv-01500 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| CORE CIVIC, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CASE MANAGEMENT PLAN AND SCHEDULING ORDER

On December 18, 2023 held a Case Management Conference.  The following

attended:

Patricia Horner for Plaintiff Richard M. Neace.

Timothy J. Bojanowski for Defendants CoreCivic, Inc., Unit Manager fnu

Silvernal, Unit Manager Mrs. fnu Hight, and Warden Dave Bobby.

No lawyer appeared for Defendant Larry O. Woods, who also did not appear.

1. Under Local Rule 16.2, this case is assigned to the standard track.

2. Under Local Rule 16.4, this case was not referred to Alternative Dispute

Resolution at this time.

3. Currently, the parties do not consent to the jurisdiction of a United

States Magistrate Judge under 28 U.S.C. § 636(c).

4. Under Rule 16 of the Federal Rules of Civil Procedure and Local

Rule 16.1, the schedule for this matter will proceed as follows:

| Motions to amend pleading or add additional parties: | December 15, 2023 |
| --- | --- |
| Motions directed to the pleadings: | January 26, 2024 |

5.      The Court directed the parties to work toward the schedule set forth in their Rule 26(f) Report and to evaluate whether mediation would be appropriate following the exchange of written discovery and possibly Plaintiff's deposition.

6.      The next status conference is scheduled for March 15, 2024 at 2:00 pm and will be held by Zoom.  The Courtroom Deputy will email counsel with instructions to participate in the conference.

7.      The parties will submit a stipulated protective order for the Court's approval.  The parties discussed issues relating to the preservation of documents and ESI.

8.      Pursuant to Rule 502(d) of the Federal Rules of Evidence, a disclosure of a communication or information covered by the attorney-client privilege or work-product protection made in connection with this litigation shall not constitute a waiver of that privilege or protection in this or any other federal or State proceeding.

**The Court's Standing Order**

The Court incorporates its Civil Standing Order here and refers the parties to it, particularly with respect to the participation of younger lawyers.  The standing order is available on Judge Calabrese's page on the Northern District of Ohio's website and will be updated from time to time.  Counsel should also familiarize themselves with the Local Rules regarding briefing, motions and memoranda, and

discovery requirements.  During the course of litigation, any questions or concerns regarding any aspect of this case should be directed to (216) 357-7265.

**Discovery Disputes and Materials**

The Court expects parties to make all reasonable efforts to resolve discovery disputes among themselves, as Rule 37(a)(1) requires.  Generally, such efforts require conferring by telephone, not simply by email.  Before filing any discovery motion (motion to compel, motion to quash, motion for protective order, etc.), the parties should advise the Court, which will handle the matter according to the procedure in Local Rule 37.1(a).  The Court orders that no party may file any discovery motion without first personally conferring and exhausting the procedures in Local Rule 37.1(a).

Without leave of Court, no discovery materials shall be filed, except as necessary to support motions.  If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts.  The Court will not consider factual allegations or arguments relying on the record that do not cite specific pages in the record or that are unsupported by the record citation provided.

**Electronic Filing**

This case is subject to mandatory electronic filing pursuant to Local Rule 5.1(c).  If not already done, all counsel must complete Attorney Registration Forms and return them to the Clerk of Court as soon as possible so that attorney user accounts can be established.  An Attorney Registration Form is in the Policies and Procedures

Manual.   In addition, counsel can easily register online at: https://www.ohnd. uscourts.gov/attorney-registration-change-nameaddress-primary-email.

A *pro se* litigant (a party who does not have a lawyer) may register to receive a "read only" electronic filing account so that he/she may access documents in the system and receive electronic notice, but all of his or her filings must be completed manually, as typically only registered attorneys, as Officers of the Court, are permitted to file electronically.

Only counsel of record will be notified of court proceedings.  Moreover, both counsel and *pro se* litigants have an affirmative duty to notify the Court of any change in address and/or other contact information.  Counsel shall follow the instructions for updating contact information via the procedures set forth on the Court's public website.  *See* Attorney Registration Change of Name/Address instructions set forth at www.ohnd.uscourts.gov.   *Pro se* litigants shall file a written notice of change of address with the Court.

**SO ORDERED**.

Dated:  December 18, 2023

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

4