IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Richard M. Nease, | CASE NO. 4:23cv1500 |
| Plaintiff, | DISTRICT JUDGE J. PHILIP CALABRESE |
| vs. | |
| Core Civic, et al, | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Defendant. | |
| | **MEDIATION SCHEDULING ORDER** |

A mediation conference will be held in the above-captioned case at 10:00 AM on June 10, 2024, in Courtroom 11A of the Carl B. Stokes Courthouse in Cleveland, OH, before the Honorable James E. Grimes Jr., United States Magistrate Judge. All parties and their lead counsel are ORDERED TO APPEAR at that time.

The following rules and procedures will apply. THE PARTIES MUST READ THIS ORDER IN ITS ENTIRETY, INCLUDING SECTION 11, BELOW.

1. *Pre-conference exchange of a demand and an offer*. A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals. Accordingly, **at least 14 days before the settlement conference**, plaintiff's counsel must submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. The demand should include a description of attorney's fees and a discussion of relevant facts and applicable law. **No later than 10 days** before the settlement conference, defendant's counsel must submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. Defendant's offer should similarly include a discussion of relevant facts and applicable law.

**No later than 7 days** before the mediation counsel for each party must email counsel for the other parties to report the names of the people who will be attending the mediation with counsel.

*2. Settlement position statements*. **At least 7 days before** the settlement conference, each party must provide the Court with an ex parte settlement position statement. The statements should be e-mailed to Grimes_Chambers@ohnd.uscourts.gov. The parties should NOT send these statements their opponents. DO NOT file a settlement position statement with the Court through CM/ECF. The statements will not become a part of the file of the case and will be for the exclusive use of the Magistrate Judge in preparing for the mediation conference. Unless the Court grants leave, a settlement position statement may not exceed 10 pages in length.

Settlement position statements must provide the current status of settlement negotiations, a summary of the parties' respective positions, and an outline of factual and damage allegations. The statements should specify the terms on which the party is willing to settle the case, whether those terms are negotiable, and an explanation of that position. If the parties wish the Court to know about particular legal arguments in support of their settlement position, they should provide citations to relevant authorities. The settlement position statement must have attached to it the party's communicated demand or offer, as prescribed above. As these ex parte statements will be treated as confidential and will not be docketed, *they should include a realistic statement of the party's settlement position*. The parties are encouraged to be candid in their statements.

If exhibits will be essential to the Court's understanding of the party's settlement position and case evaluation, a party should attach these materials to the statement. Counsel are discouraged from submitting more than 20 pages of settlement position exhibits. Counsel must file a motion for leave to submit a settlement position statement supported by more than 20 pages of exhibits. The motion must show good cause to exceed 20 pages. If leave is granted, counsel must expeditiously provide 2 hard copies of the statement and exhibits to Chambers 11A (in addition to emailing as set forth above). The exhibits must be properly tabbed and formatted.

*3. Mandatory attendance of parties and counsel*. All named individuals, authorized representatives of any named corporate, governmental, or other entity, and lead counsel for each party must personally attend the conference. Persons with ultimate settlement authority must be personally present even if represented by counsel. Ultimate settlement authority means the authority to settle up to the full amount of the other side's demand. In the case of a corporate party, the individual attending the conference must be a corporate employee with full authority to settle the matter and bind the company up to the value of the opposing party's or parties' claims. A governmental entity must send a representative authorized to act on its behalf and to bind the governmental entity up to the value of the opposing party's or parties' claims.

2

If the settlement decision will be made in whole or in part by an insurer, a representative of the insurer with full and complete authority to bind the company up to the value of the opposing party's or parties' claims must attend in person.

Having a client with authority available by telephone is not an acceptable alternative, except under the most extenuating circumstances, which does not include ordinary travel expenses and inconvenience. It is impossible for a party who is not present to appreciate the process and the reasons that may justify a change in one's perspective towards settlement. Because the Court and the parties invest significant resources in these conferences, the failure of a party, counsel, or persons with ultimate settlement authority to appear in person may result in sanctions, including payment of fees and costs of other parties who do attend the conference.

4. *Statements inadmissible.* The Court expects the parties to address each other with courtesy and respect. Parties are encouraged to be frank and open in their discussions. Consistent with the Federal Rules, statements made by any party during the settlement conference are inadmissible at trial and will not be used in discovery.

5. *Mediation format.* The settlement conference will begin with a joint session in Courtroom 11A, during which Judge Grimes will discuss how the mediation will proceed. If a party's counsel deems it appropriate, counsel may offer brief opening remarks of no more than five minutes summarizing the issues counsel believes are important for the opposing party or parties—and their insurer, if applicable—to consider. The purpose of this sort of presentation would be to address and persuade the opposing party, *not the Court*. If counsel chooses, counsel's client may have up to five additional minutes to speak.

After this initial session, the Court will hold separate, private discussions with each side. The Court expects counsel *and* the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind to reassess their positions and to find creative ways to resolving the dispute.

6. *Issues to be discussed at the mediation conference.* The parties should be prepared to discuss the following at the mediation conference:

A. What are your objectives in the litigation? What legal costs or case expenses will you incur to take the case through trial and appeal?

B. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

3

C. Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

D. What are the factual and legal points of agreement and disagreement between the parties?

E. What are the impediments to settlement?

F. Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

G. Are there outstanding liens? Do we need to include a representative of the lienholder?

7. *Defendant's financial situation.* If a defendant intends to claim that defendant is insolvent, the defendant must inform plaintiff(s) of this fact **no later than 14 days before the conference**. The parties should then discuss whether plaintiff(s) will seek proof of defendant's claim and whether the defendant is willing to provide such proof, which must be provided at least 3 days before the conference. A summary of any discussions on this topic should be included in the parties' settlement position statements.

8. *Client involvement.* This may be the first time that clients will have participated in a court-supervised mediation conference. Counsel should thus provide their clients with a copy of this order and must discuss with them the points contained in it before the mediation conference. Counsel should remind their clients that although mediation proceedings are somewhat informal, the Court expects all participants to treat each other with courtesy and respect.

9. *Motions to reschedule.* If counsel becomes aware of the need or potential need to reschedule the conference, counsel must move to reschedule as soon as counsel is aware of the need. Any request to reschedule mediation proceedings must be presented in a written motion. Absent exceptional extenuating circumstances, a motion to reschedule must be filed no less than 7 days before the conference's scheduled date. Before moving to reschedule a mediation conference, the moving party—or parties, if it is a joint motion—must confer with opposing counsel and propose at least three alternative dates that are agreeable to all participants. A request that does not comply with the above provisions will be denied. Do not phone or email chambers to ask to reschedule a mediation conference.

A request to schedule the mediation conference by video, rather than in-person, must be made by joint motion showing good cause.

4

10. *Miscellaneous*. A party's motion for leave to be excused from following any requirement in this order must be filed at least 14 days before the scheduled mediation conference. Such a request must be presented in a written motion. Before filing such a motion, a party must confer with opposing counsel. The party's motion must state whether the opposing party or parties object to the motion and whether they intend to respond. Do not phone or email chambers to seek leave to be excused from the requirements of this order.

11. *Acknowledgment statement*. Each party must attach an "Acknowledgment Statement" to the party's settlement position statement. The *Acknowledgment Statement* must acknowledge that (1) counsel has read and understands this order, (2) counsel, counsel's client or client representative, and any relevant decisionmaker will attend the mediation conference at the date, time, and place listed in this order, and (3) the attending client or client representative— and insurer representative, if applicable—has full settlement authority up to the amount of the opposing party's or parties' claims. The *Acknowledgment Statement* should include the names of all individuals who will attend the conference with counsel.

Dated: 04/03/2024

/s/ James E. Grimes Jr.
James E. Grimes Jr.
U.S. Magistrate Judge